# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GLORY ANNA JOHNSON,

    **Plaintiff,**

v.                                                                     Case No. 22-CV-1025

SHAWNO COUNTY JAIL,

    **Defendant.**

## ORDER

On September 6, 2022, plaintiff Glory Anna Johnson who is representing herself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated her constitutional rights. (ECF No. 1.) Johnson also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) Johnson further filed two motions to consolidate this case with three other cases, Case Nos. 22-cv-1021, 22-cv-1023, and 22-cv-1024, also before this court. (ECF Nos. 7, 8.). For the reasons stated below, the motions are denied.

### MOTIONS TO CONSOLIDATE

On October 3, 2022, Johnson filed an identical motion in all four of her cases requesting that the court consolidate the four cases into one case. (ECF No. 7; *see e.g.,* Case No. 22-cv-1024, ECF No. 7.) She gives no reason why the court should consolidate the cases. Then, on October 20, 2022, she filed a second motion to

consolidate or in the alternative a motion for extension of time to pay the initial partial filing fees in all four cases. (ECF No. 8; *see e.g.*, Case No. 22-cv-1024, ECF No. 8.) In this motion, she noted that the fees for all four cases amounted to $126.00, implying that expense was her primary reason for requesting consolidation. However, she gives no explicit reason for wanting to consolidate the four cases.

Federal Rule of Civil Procedure 42(a) allows cases to be consolidated where they "involve a common question of law or fact." The court has briefly reviewed all four of Johnson's cases and determined that in their current form, they do not involve a common question of law or fact. While all the cases list Shawno County Jail as the defendant, for reasons explained below, Shawno County Jail as an entity cannot be held liable under § 1983. Additionally, each case appears to deal with a separate and distinct instance of individual staff members at Shawno County Jail violating Johnson's constitutional rights. Therefore, at this stage, consolidation is inappropriate.

Additionally, the court cannot consolidate the cases in order to make litigation more affordable for Johnson. Doing so would essentially allow Johnson to "file multiple suits for the price of one." *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). Such a practice is contrary to the mandate of the PLRA. Johnson's motions to consolidate the cases are denied.

However, the court will grant her motion for extension to pay the initial partial filing fee. Johnson must pay the initial partial filing fee of $31.70 by the deadline

stated below to proceed with this case. Failure to pay by the deadline will result in dismissal of her case without prejudice.

**THEREFORE, IT IS ORDERED** that Johnson's motions to consolidate the cases (ECF Nos. 7, 8) are **DENIED.**

**IT IS FURTHER ORDERED** that Johnson's motion for extension of time to pay the filing fee (ECF No. 8) is **GRANTED**. Johnson must pay the initial partial filing fee of $31.70 to proceed with this case by **December 30, 2022**. Failure to do so by the deadline will result in dismissal of the case without prejudice.

Dated at Milwaukee, Wisconsin this 6th day of December, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge