# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GLORY ANNA JOHNSON,**

    **Plaintiff,**

  v.                                Case No. 22-CV-1025

**JOHN DOE and**
**JANE DOE,**

    **Defendant.**

## ORDER SCREENING THE AMENDED COMPLAINT

On September 6, 2022, plaintiff Glory Anna Johnson who is representing herself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated her constitutional rights. (ECF No. 1.) On March 7, 2023, the court screened her complaint and found it failed to state a claim upon which relief may be granted; however the court gave Johnson an opportunity to amend her complaint. (ECF No. 11.) On March 24, 2023, Johnson filed an amended complaint. (ECF No. 12.)

## SCREENING THE AMENDED COMPLAINT

*Federal Screening Standard*

The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Johnson's Allegations*

Johnson alleges that while incarcerated at the Shawno County Jail, two guards, identified as John Doe and Jane Doe, denied her the ability to use a form to file a grievance, and instead was told to use the kiosk. However, the kiosk was not working. (ECF No. 1 at 2-3.) When she informed them that the kiosk was not working, they still refused to give her a paper form. (*Id.*)

*Analysis*

Johnson alleges that her constitutional rights were violated when she was denied the ability to file a grievance. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interested protected by the Due Process clause" and so the inability of a prisoner to file a grievance does not create an independent constitutional claim under § 1983. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). As such, Johnson does not state a claim and her case is dismissed. The court may dismiss this case without consent of the Doe defendants because a Doe defendant is not actually a party, so the court does not need consent. *See Macklin v. Serrano,* No. 19-CV-583, 2020 WL 6323079, at *1 (E.D. Wis. Oct. 28, 2020).

**THEREFORE, IT IS ORDERED** that that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g).

. **IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 15th day of May, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge